UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CEMETERY WORKERS SUPPLEMENTAL
PENSION FUND, by its Trustees SAL ALLADEEN
and KEVIN BOYD,

                    Plaintiff,

   -against-

CYPRESS HILLS CEMETERY,

                    Defendant.
------------------------------------------------------------------X

18 Civ.

COMPLAINT

Plaintiff, CEMETERY WORKERS SUPPLEMENTAL PENSION FUND, by its Trustees SAL ALLADEEN and KEVIN BOYD, by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant CYPRESS HILLS CEMETERY, alleges as follows:

## NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and the Labor Management Relations Action of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to pay contributions to an employee benefit plan in accordance with the applicable law, the trust agreement and other fund documents, and the collective bargaining agreement.

## JURISDICTION

2. Jurisdiction over this action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. §§1132(a) (3), (e), and (f).

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the plaintiff employee benefit plan is administered in this District.

## PARTIES

4. At all times relevant herein the CEMETERY WORKERS SUPPLEMENTAL PENSION FUND (hereinafter "the PENSION FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Kevin Boyd are Trustees of the PENSION FUND and appear in their representative capacities.

5. At all times relevant herein, the PENSION FUND had its principal place of business located at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, at all relevant times herein defendant CYPRESS HILLS CEMETERY ("CYPRESS HILLS") was a New York not for profit corporation with offices located at 833 Jamaica Avenue, Brooklyn, New York 11208.

7. Upon information and belief, at all relevant times herein, defendant CYPRESS HILLS operated a cemetery located in Brooklyn and/or Queens, New York.

8. Upon information and belief, at all relevant times herein, CYPRESS HILLS was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

9. Upon information and belief, at all relevant times herein, there was in force and effect a collective bargaining agreement, including extensions thereof, by and between Local 74, United Service Workers Union, International Union of Journeymen and Allied

Trades ("Local 74"), or its predecessor, and CYPRESS HILLS.

10. At all relevant times herein, said collective bargaining agreement provided for specified bargaining unit workers employed by CYPRESS HILLS to obtain retirement benefits through the PENSION FUND.

11. At all relevant times herein said collective bargaining agreement required CYPRESS HILLS to make monthly contributions to the PENSION FUND on behalf of specified bargaining unit workers.

12. At all times relevant herein, there was in force and effect a Trust Agreement establishing the PENSION FUND with which CYPRESS HILLS is required to comply.

13. At all times relevant herein, there were in force and effect PENSION FUND Rules and Regulations, including but not limited to delinquent contribution collections policies adopted by the PENSION FUND, with which CYPRESS HILLS is required to comply.

14. At all times relevant herein there were in force and effect Trustee resolutions of the PENSION FUND with which CYPRESS HILLS is required to comply by virtue of the Trust Agreement, among other documents, and applicable law.

15. At all times relevant herein CYPRESS HILLS was required to remit a pension contribution surcharge as a result of duly enacted resolutions of the Trustees and applicable law.

## COUNT I

16. Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

17. In or about August 2017, auditors acting on behalf of the PENSION FUND issued its audit of CYPRESS HILL's books and records for the period January 1, 2012 through and including August 31, 2016.

18. Said audit found that CYPRESS HILLS underpaid its contributions and surcharge to the PENSION FUND in the principal amount of $141,601.61.

19. In accordance with governing documents and applicable law, said audit assessed interest on the delinquent contributions from the pension contributions and surcharge were due at the rate of 7% per year.

20. By letter dated December 11, 2017, the PENSION FUND made a demand to CYPRESS HILLS for payment of contributions and accrued interest thereon as found due and owing by said audit.

21. On or about January 29, 2018, Cypress Hills paid the principal amount of the underpaid contributions and surcharge found by said audit in the amount of $141,601.61, but failed and/or refused to pay interest thereon.

22. In accordance with the rules and regulations of the PENSION FUND, and applicable laws and regulations, a delinquent employer is required to pay interest on underpaid contributions.

23. As of January 29, 2018, the interest on the underpaid contributions and surcharge totaled $36,239.09.

24. In addition, and also in accordance with the rules and regulations of the PENSION FUND, and applicable laws and regulations, CYPRESS HILLS is required to pay interest on the past due interest, also at the rate of 7% per year. Accordingly, CYPRESS

HILLS owes interest on the unpaid interest from the date of payment of the principal amount of the underpayments (i.e. January 29, 2018) forward, said interest amounting to $1,158.45, as of the date of the filing of the complaint, increasing daily.

25. By virtue of the foregoing, CYPRESS HILLS has violated ERISA, including but not limited to ERISA Section 515, 29 U.S.C. §1145.

WHEREFORE, the PENSION FUND demands judgment against CYPRESS HILLS as follows:

(a) awarding judgment for the interest on the contributions and surcharge underpayments in the sum of $36,239.09; and

(b) awarding judgment on the interest on the unpaid interest from January 29, 2018 to the date of judgment, in the amount of $1,158.45 as of the time of the filing of the complaint and increasing daily; and

(c) awarding attorneys' fees, costs and expenses of this action in accordance with and required by ERISA Section 502(g), 29 U.S.C. §1132(g); and

(d) such other and different relief as the Court deems proper and just.

Dated: New York, New York
July 12, 2018

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
ZACHARY HARKIN (ZH0620)
Attorneys for Plaintiff
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100